The plaintiffs, as indorsees of one Wm. Richards, sued defendants on a note for $549.32 and interest, less a credit of $200, August 26th, 1869; date of note 19th January, 1869.
Defendants rely on the plea of payment. On the trial, in support of the plea of payment, Caleb Lineburger, one of the defendants, testified, that when the note was made and delivered to Wm. Richards, it was understood and agreed between the parties, that the note was to be paid by the makers, who were manufacturers of cotton goods, delivering to the firm of Wm. Richards Co., merchants in Charlotte, cotton goods in payment thereof. That Wm. Richards, the payee in the note, was a member of the firm of Wm. Richards 
Co.; that when the $200 was paid, it was done as a favor to Richards, who had occasion for the money, and it was then again agreed that the balance of the note was to be paid in goods. This defendant further testified, that goods were delivered to one Pasour, to be delivered to Wm. *Page 150 
Richards Co., before the transfer of the note to the present plaintiffs, of a greater amount in value, than the balance due on the note.
Wm. Richards, the payee, testified, that there was no such agreement as the manner in which the note was to be paid, either at its making, or when the $200 was paid; that when the goods were delivered by Lineburger Co. to Wm. Richards Co., he held a claim, other (174) than the note, against Lineburger Co., for cotton he had sold and delivered to them, in 1864, upon which claim the goods were to be credited.
Lineburger being re-called, stated, that when the note in suit was given, that it was in settlement of all demands of Richards, and that his firm owed him nothing on any previous cotton transaction.
One, Pasour, for defendants, testified, that he was the general agent of Lineburger Co., for the sale and delivery of goods, and that between the date of the payment of the $200, and the transfer of the note to the plaintiffs, he sold and delivered cotton goods to Wm. Richards Co., to the value of $700; that the goods were charged to that firm, and sold in the usual manner on thirty days time; that he repeatedly called on Wm. Richards Co., for payment, but that no payment was made. That on one occasion he called on them for payment. Bauman, one of the firm, offered to pay the account in cotton, which the firm had at Brevard Station; that he accepted the offer, but for some reason never got the cotton; that there was no cotton there.
It was also in evidence, that Lineburger Co., brought suit on their claim against Wm. Richards, Co., for the goods sold and delivered by Pasour, and had given no credit for the note sued upon in this case.
His Honor ruled, that there was no evidence of payment to be submitted to the jury; whereupon a verdict was ordered to be rendered for the plaintiff. The defendants appealed.
The only question is, whether there was any evidence of the payment of the note. The defendant testified that when the note was executed, it was agreed that it was to be paid off in goods from the defendants' factory, and that he subsequently delivered goods to his agent, Pasour, to deliver to the payee more than sufficient to pay the note. This was evidence tending to show the first step towards (175) the payment. The defendant then introduced the agent, Pasour. If Pasour had testified that he delivered the goods in payment of the note, that, in connection with the testimony of the *Page 151 
defendant, if believed, would have been full proof. Pasour does say that he delivered the goods, but he says more than that. He says that "he sold and delivered the cotton goods to the payee to the amount of the note, and that the goods were sold on the usual time, thirty days." And so it is contended that this disproves the delivery of the goods in payment of the note. What view the jury would have taken of the testimony we cannot tell. It may be that, viewing it together with the defendant's testimony, they might have found that Pasour was mistaken as to its being an ordinary sale, on thirty days time, and then to be paid in cash, and not applied in satisfaction of the debt. The jury might have found that, while Pasour thought it an ordinary sale, yet the parties understood it differently. Especially might they have so found in view of the fact, that both parties to the note swear that he was mistaken. The defendant swears he was mistaken; because he knows that he sent the goods by him to pay the note. And the payee, — who was also examined as witness, swears that he did not take the goods in payment of that note; but that at the time he received the goods he had another claim against the defendant older than the note for cotton, which he had sold him, and that the goods delivered "were to be credited" on that older debt. And then the defendant swore that the old debt had been included in the note, so that there was no such old debt. All this taken in connection with the presumption that the payee would not have bought goods to pay money for, when he held a debt against the defendant, might have been left to the jury as evidence tending to show that the goods were delivered in payment of the note.
There is error.
PER CURIAM. Venire de novo.