JAMES M. HINES, JR. v. JAMES M. HINES, SEN.

*Appeal—Practice—Pro Forma Judgments.*

An appeal from the ruling on one of several issues will be dismissed. The trial must be of all the issues raised by the pleadings, so that the appeal may present for review the exceptions taken and questions of law arising upon the *whole* case. Appeals from *pro forma* judgments will not be considered.

(*State* v. *Locust*, 63 N. C., 574, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1880, of LENOIR Superior Court, before *Gudger, J.*

The action was heard upon a case agreed and founded upon the construction of the following instrument:

"STATE OF NORTH CAROLINA.  WAYNE COUNTY:

"Know all·men by these presents that I, Enoch Cobb, for the consideration of the good will, favor and affection that I bear towards my son-in law, James M. Hines, I give to the said James M. Hines the following negroes: Old Kedar, Catherine, Edwin, Teanor and Alfred, and four head of horses; one yoke of oxen, nine sows and pigs, and twelve head of cattle, one hundred barrels of corn, ten stacks of fodder, and working tools, seven head of sheep.  In witness whereof I hereunto set my hand and seal this·23d day of February, 1839."          (Signed)          "E. COBB."

"I also place and set over and appoint James M. Hines agent of the hereafter named property, to be to use and benefit of my daughter Cartha, and the lawful heirs of her body, to them and their successors, to-wit: Patsea, Winney, Ellic, Little Kedar, Abram and Smitha, and the following tracts of land, beginning at a stake in the river, 18 poles above the mouth of the marsh gut and runs S. 87, E. 116, then N. 69, E. 80 poles to a post oak and sassafras, then S. 50, E. 10 poles to a gum, then down a small drain to a sweet-gum on the north edge of the marsh gut, and then up the said edge to the corner named by the John O. Whitfield deed to me, then S. 4 poles to a pine stump, then S. 27½, W. 81 poles to the centre of three pines, then to a hickory 65 poles, then 22 W. 46 poles, then N. 65, E. 93 poles to a water oak on the road, then down the road to a stake in the river at low water mark, then up the meanders of the river to the beginning, be the same more or less, but the above named land may be better distinguished and known by reference to three deeds, one from Carroway Hines, one from Ichabod Herring and Grady Herring, and one from John O. Whitfield, supposed by estimation to contain one thousand and eighty-eight acres.  In witness whereof I hereunto set my hand and seal this 23d day of February, 1839."

(Signed in presence of witnesses)     "E. COBB, [Seal]."

The deed was duly proved and registered. Cartha died before the late war, and the plaintiff is her only living child, and the defendant was her husband, referred to in the above deed. The defendant received the rents of the said land, and the hires or profits of said negroes, until the close of the war in 1865.

The plaintiff and defendant reserving all issues and questions of fact for future consideration, now submit the above to. the court upon the issue of law presented, *i. e.* can the plaintiff maintain his action, or is he entitled to his account of said rents and·profits?

It is agreed that if the court is of opinion on this case for the plaintiff, then it shall proceed to try the issues of fact raised by the pleadings, but if of opinion against the plaintiff, then the defendant shall have judgment against the plaintiff and his sureties for costs..

Upon the case agreed it was adjudged by the court that the plaintiff can maintain his action and that he is entitled to an account as prayed in his complaint, from which judg-ment the defendant appealed.

*Messrs. H. F. Grainger* and *G. V. Strong*, for plaintiff.
*Messrs. W. T. Faircloth* and *W. T. Dortch*, for defendant.

ASHE, J. The case, by the appeal, in the manner it is brought before this court is fragmentary. The law involved is by a *"pro forma"* judgment sent to this court, while the facts and merits of the case are retained in the court below to await the opinion of this court upon the question of law. Such a proceeding is an innovation upon the practice of the court; and to entertain the appeal would be establishing a bad precedent, to which this court cannot give its sanction.

Questions of law involved in a case may be decided by this court in advance of a trial upon the merits, when they

are properly raised, as by a demurrer, but we will not con-sider cases brought to this court by appeals from *pro forma* judgments submitted to by the parties, " to feel their way " in cases of doubtful litigation. In the case of *State* v. *Locust,* 63 N. C., 574, the court reminds the judges of the superior courts that it would not consider cases sent to this court upon *pro forma* judgments.

The parties in this case should have gone on regularly to trial of the case upon all the issues raised by the pleadings, according to the regular practice of the court, and if the court should have erred in its judgment or any of its rul-ings, then to have brought the whole case before this court by appeal, that its decision upon the questions of law in-volved and controverted might be finally adjudicated.

The appeal must be dismissed. Let this be certified to the superior court of Lenoir county, that further proceed-ings may be had, according to law.

PER CURIAM.                         Appeal dismissed.