COMMISSIONERS OF BEAUFORT v. F. J. SATCHWELL and others.

*Appeal.*

The court will not entertain appeals brought up in a fragmentary manner. .(*Hines* v. *Hines*, 84 N. C., 122, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of BEAUFORT Superior Court, before *Gilliam, J.*
Defendants appealed.

No counsel for plaintiffs.
*Mr. Geo. H. Brown, Jr.,* for defendants.

ASHE, J. This purports to be a civil action brought against the defendant and the sureties on his official bond (as sheriff) for a breach thereof, in not paying over to the county treasurer certain taxes alleged to have been collected by him.

It is an anomalous case. The original transcript sent to this

court contains nothing but two summonses and a case agreed, and for aught that appears there never was any service of the summons upon any of the numerous parties; nor was any acknowledged by them; nor that the summonses were ever even in the hands of the sheriff; and a second transcript, intended to supply the deficiencies of the first, contains only the complaint and an order of reference. There is no answer, no appearance of the defendants, nor any report of the referee.

In the case agreed, His Honor, who heard the case, states: "This is a civil action brought by plaintiff upon the official bond of F. J. Satchwell, late sheriff of Beaufort county, for the balance of taxes due and unpaid by him for the year 1878. *The other issues and controversies arising in the matter are probably arranged except this.*" There are then other issues and controversies involved in the case, and this one is elicited from the others and made the subject of the appeal; in other words, a part of the case is brought by the appeal to this court, while another part remains below.

This court has emphatically announced that it will not entertain appeals brought up in this fragmentary manner. *Hines,* v. *Hines,* 84 N. C., 122. In that case the court took occasion to say, and the remarks apply as well to this case:

"The parties should have gone on regularly to trial of the case upon all the issues raised by the pleadings, according to the regular practice of the court, and if the court should have erred in its judgment or any of its rulings, then to have brought the whole case before this court by appeal, that its decision upon the questions of law involved and controverted might be finally adjudicated."

Aside from this objection, the record transmitted to this court is too imperfect. If such a proceeding should receive the sanction of the court, all parties would have to do, would be simply to state their names in adverse position upon the record—A. B. *v.* C. D.—then file with the clerk of the court a statement of the facts agreed upon, and demand judgment. To support such a

proceeding would be giving sanction to a looseness in practice that would do violence even to the liberal spirit of the Code.

This appeal cannot be entertained. It must be dismissed.

PER CURIAM. Appeal dismissed.