PATTIE ARRINGTON v. W. H. ARRINGTON and others.

*Appeal—Practice.*

This court will not entertain appeals from detached rulings upon some of the matters in dispute; but all matters necessary to a disposition of the case should be passed on and settled in a single trial, and the *whole case* brought up on appeal. The method of disposing of this controversy pointed out by SMITH, C. J.

(*Hines* v. *Hines*, 84 N. C., 122; *Com'rs* v. *Satchwell*, 88 N. C., 1; *Jones* v. *Call*, 89 N. C., 188; *Grant* v. *Reese*, 90 N. C., 3, cited and approved.)

CIVIL ACTION tried at Fall Term, 1883, of VANCE Superior Court, before *MacRae, J.*

This action was commenced in Nash superior court, and upon affidavit removed to Vance for trial. The suit was brought upon a judgment, recovered in Franklin superior court, in favor of the defendant W. H. Arrington and the plaintiff (who were married on the 14th of January, 1868), against the sureties upon the bond of L. N. B. Battle as guardian of plaintiff, and against the sureties upon the administration bond of said Battle as administrator of John Evans, a deceased surety upon said guardian bond,

The defendants appealed from the judgment of the court below. The matters relating to the point decided by this court are sufficiently stated in its opinion.

*Mr. Joseph J. Davis*, for plaintiff.
*Messrs. Fuller & Snow* and *E. C. Smith*, for defendants.

SMITH, C. J. This action is prosecuted by the plaintiff Pattie D. B. Arrington to enforce payment of a judgment recovered in the name of William H. Arrington, then her husband, and herself in the superior court of Franklin upon

an indebtedness due to her prior to their marriage in the year 1868, subject to several part payments, upon an allegation that the marriage relation between them has been dissolved by a decree rendered by a court possessing jurisdiction in the state of Illinois, in her behalf, restoring her status as a *feme sole.*

Subsequently, the said William H. Arrington and the members of the partnership firm of W. H. Morris & Sons, to whom he had assigned the judgment, were made parties defendant in the action, and they as well as the debtors, the original defendants, put in answers and set up different defences; the said Arrington and his assignees controverting the validity and effect of the divorce proceeding and the alleged decree, and claiming the right under the law in force at the date of the marriage of the former, transferred to the assignees, to reduce the debt into possession and appropriate the proceeds to their use.

The only issue made up and passed on by the jury was as to the legal efficacy of the decree of divorce in dissolving the bonds of matrimony formed in this state, and in reinstating the *feme* plaintiff in the possession of her antecedent right to the fund in dispute as a *feme sole* freed from her coverture. This issue, determined in her favor, was followed by a judgment declaring " that the said Pattie D. B. Arrington is divorced from the said William H. Arrington, and was so divorced on the 16th day of November, 1880," and further, that " this action is retained for further hearing." From this judgment the defendants W. H. Arrington and W. H. Morris & Sons appealed.

At the same time a reference was ordered to ascertain the facts concerning several matters of defence, set up by other defendants to the action, and which are brought in controversy between the claimants of the fund and those charged with the indebtedness, the report of which was to be returned to the ensuing term.

The primary inquiry is as to the amount due and owing on the judgment, and the apportionment among the debtors of their several liabilities, *inter sese,* for its satisfaction. The right to the money, when collected and paid in, is secondary and posterior in order of time. The question as to who is entitled to receive, would never arise, should it turn out after examination that nothing is due to any one. Obviously, therefore, in the orderly course of procedure the trial of the issue before the jury was premature, and the appeal raises a point which may become wholly immaterial, while the essential matter of the indebtedness remains to be disposed of in the superior court, before the finding of the jury can have any practical bearing or application.

We have repeatedly refused to entertain appeals from a ruling upon one of several matters controverted in the pleadings, and essential elements in the constitution of a cause of action, the determining of all which is necessary to a final judgment; or, in other words, we have declined to entertain fragmentary appeals, and have required all the matters necessary to a complete disposition of the cause to be settled in a single trial.

To allow separate and successive appeals from detached rulings upon some of the matters in dispute, while others are left open to be disposed of afterwards, is not only repugnant to the simplicity and directness of our present system of practice, but might result in hurtful delays and increased expense in demanding several trials when one should subserve every useful purpose.

The rule is laid down in *Hines* v. *Hines,* 84 N. C., 122, wherein Mr. Justice ASHE, delivering the opinion, thus speaks: "The parties in this case should have gone on regularly to trial of the case *upon all the issues raised by the pleadings,* according to the regular practice of the court; and if the court should have erred in its judgment or any of its rulings, *then to have brought up the whole case by appeal, that*

*its decision upon questions of law, involved and controverted, might be finally adjudicated."*

The same ruling is made and appeals dismissed in *Commissions v. Salchwell,* 88 N. C., 1, and in *Jones* v. *Call,* 87 N. C., 188; and the principle approved in *Grant* v. *Reese,* 90 N. C., 3.

A different practice would promote no useful end, and might be attended with great inconvenience, if allowed.

The appeal must be dismissed, and the cause be left to proceed in the court below as if none had been attempted. Let this be certified.

Appeal dismissed.