JASPER HICKS et al. v. H. S. GOOCH et al.

*Fragmentary Appeals—Issues—Trial.*

1. The trial of an action should embrace and determine all the matters at issue, so that a *final* judgment may be entered and any errors committed may be corrected upon one appeal. "Fragmentary appeals" will not be tolerated.

2. *Therefore*, in an action to recover land with damages for its detention where the issue as to the title and right to possession was tried, but the issue as to damages was reserved to be afterwards tried if it should be adjudged that the plaintiff was entitled to recover; *It was held*, that the Supreme Court would not entertain an appeal for reviewing alleged errors on the trial of the issue submitted.

(*Hines* v. *Hines*, 84 N. C., 122; *Commissioners* v. *Satchwell*, 88 N. C., 1; *City* v. *Cline*, 89 N. C., 186; *Jones* v. *Call*, *Ibid.*, 188; *Grant* v. *Reese*, 90 N. C., 3, and *Arrington* v. *Arrington*, 91 N. C., 301, cited and approved).

This was a CIVIL ACTION, one of the issues of which was tried before *Shepherd, Judge,* at Spring Term, 1885, GRANVILLE Superior Court.

The facts are stated sufficiently in the opinion.

*Messrs. Batchelor & Devereux* and *Armistead Jones,* for the plaintiff.

*Mr. John W. Hayes,* for the defendant.

SMITH, C. J.   This action is brought upon a claim of title to an undivided moiety of the lands in the complaint mentioned, with a demand for a large sum as damages for the withholding of possession by the defendants.   The plaintiffs' title is controverted by the defendants, who allege themselves to be owners in fee of the property.   At Spring Term, 1885, of the Superior Court of Granville, an amended complaint was filed, in which is a supplemental demand for an account of the rents and profits, followed by an entry upon the record in these terms:

"And thereupon an issue is made up by and under the direction of the Court, to be submitted to the jury, it being agreed between the parties that the question as to the amount of damages and mesne profits to which the plaintiffs would be entitled, if the issue should be found in their favor, should be reserved and tried hereafter, which said issue is as follows, to-wit:

"Are the plaintiffs the owners and entitled to the possession of one undivided half of the land in the amended complaint mentioned and described?"

To this inquiry the jury, under the instructions of the Court, returned an affirmative response, and, after a motion for a new trial made and denied, it was adjudged "that the plaintiffs recover of the defendants one undivided half of the tract of land described by metes and bounds in plaintiffs' amended complaint, and that a writ of possession, issue," &c., with this concluding sentence, "It is further ordered by the Court that the amount of damages and mesne profits, to which the plaintiffs are entitled,

8

be submitted to a jury for trial at the next term of this Court, unless the parties hereto shall otherwise agree."

In this status of the case, with one material issue passed upon by the jury, and the other reserved for trial at the next term, and so far as the record shows, with no adjustment of the claim for damages and profits between the parties, the appeal is taken to this Court for a review of the rulings of the Court upon the one issue tried. We had supposed the rule too well settled and understood by the profession from repeated adjudications, extending as far back as January Term, 1881, when *Hines* v. *Hines*, 84 N. C., 122, was decided, in which we refused to recognize what is there properly termed a fragmentary appeal, to require its enforcement now. In that case the counsel undertook to separate a question of law from the other matters in controversy, leaving them to be tried and disposed of afterwards, and have it passed upon in this Court after a decision by the Court below; and in dismissing the appeal, ASHE, J., speaking for the Court, says: "The law involved is, by a *pro forma* judgment sent to this court, while the facts and merits of the case are retained in the Court below to await the opinion of this Court upon the question of law. Such a proceeding is an innovation upon the practice of the Court; and to entertain the appeal would be establishing a bad precedent to which this Court cannot give its sanction."

The general principle is, that when a trial is entered upon, it should embrace and determine the whole subject matter in controversy, so that a final judgment may be entered, any errors committed in its progress being open to revision and correction in one appeal, while the Court could not tolerate a succession of appeals upon separate and fragmentary parts. The ruling has been frequently since recognized and acted on. We refer to but a few of them, the most recent: *Commissioners* v. *Satchwell*, 88 N. C., 1; *City* v. *Cline*, 89 N. C., 186; *Jones* v. *Call, Ibid.,* 188; *Grant* v. *Reese*, 90 N. C., 3; *Arrington* v. *Arrington*, 91 N. C., 301.

The practice thus established, upon its intrinsic merits, and to avoid useless and prolonged litigation, must be upheld.

The appeal is dismissed, and the parties left to proceed with the unfinished cause in the Superior Court as if uninterrupted by an attempted appeal.

Let this be certified.                                   Dismissed.