JULIUS M. WELCH et als. v. DeKALB KINSLAND et al.

## Appeal.

1. An appeal cannot be taken from an order of the Superior Court, which does not terminate the action, and which does not deprive the appellant of any substantial right which he might lose if the order is not reviewed before final judgment.

2. Under such circumstances, the party can have his exception entered of record, and, if necessary, can have it considered by the Supreme Court on appeal after the final judgment.

(*Arrington* v. *Arrington*, 91 N. C., 301; *Hicks* v. *Gooch, ante,* 112, cited and approved).

This was an APPEAL from an order made in the cause by *Gilmer, Judge,* at Spring Term, 1885, of HAYWOOD Superior Court.

At Spring Term, 1882, of the Superior Court of the county of Haywood, the Court made an order in the action, setting aside the report of a referee, and directing a survey with instructions as to how the same should be made. This order did not have the effect in any aspect of it, to determine the action, or necessarily to affect the right of the plaintiff.

The Judge who made the order above referred to, out of term time, while he was holding Court in an adjoining county, directed the clerk to substitute for the order, one continuing the report set aside, for further consideration at a subsequent term, and directing a survey to be made in a way very different from that indicated in the displaced order. The substituted order is entitled as if it had been made during the term of the Court, and appears to take its place in the record.

At the Spring Term, 1883, of the Court first above mentioned, the plaintiff moved to vacate and strike from the record the last mentioned order, as having been made without authority. This motion was then denied, on the ground of want of power of the Court to grant it, and from the judgment in that respect the plaintiff appealed to this Court. This Court reversed the judgment, directing the Court below to entertain and hear the motion upon its merits.

At Spring Term, 1885, of the latter Court, it so heard and determined the motion adversely to the plaintiff, and gave judgment accordingly. The plaintiff, having excepted, appealed a second time to this Court.

*Mr. Geo. A. Shuford,* for the plaintiff.
*Mr. Theo. F. Davidson,* for the defendant.

MERRIMON, J. (after stating the facts). The action has not been determined upon its merits. The judgment appealed from is not a final, but an interlocutory one, that in no aspect of it, can put an end to the action, nor can it have the effect to deprive the appellant of a substantial right that he may lose, if the same shall not be reviewed at once and before final judgment; he can have the benefit of his exception, specified in the record, upon appeal from the final judgment, as well as at the present stage of the action. It may turn out that the plaintiff may be able to assert his alleged right successfully, notwithstanding the interlocutory judgment complained of.

The appeal was improvidently taken. It is settled by many authorities, that an appeal does not lie from such judgment. *Arrington* v. *Arrington,* 91 N. C., 301, and the cases there cited. *Hicks* v. *Gooch, ante,* 112.

Appeal dismissed.