JAMES W. SPENCER, Extr., et al., Ex Parte.

*Appeal—Clerk—Special Proceedings—Finding of Fact.*

1. Whenever an order or judgment puts an end to the action or proceeding, or an interlocutory order will deprive a party of a substantial right, if the alleged error shall not be corrected before the final judgment, an appeal lies.

2. In appeals from the Clerk, in that class of cases of which he has jurisdiction, not as and for the Court as in special proceedings, but in his capacity as Clerk, such as the auditing the accounts of executors and administrators, it is not necessary that he should prepare and transmit to the Judge any statement of the case on appeal.

3. In appeals in such cases, it is the duty of the Judge to determine the questions of fact and law raised, and, for this purpose, if the evidence accompanying the papers is not satisfactory, he can require the production of other evidence. The Judge can decide the questions of fact in such cases himself, or if he see fit, he can submit issues for his better information to the jury.

4. Where a Clerk has gone out of office, it is not proper to order him to file with the Court, in writing, the evidence offered and admissions made in a proceeding pending before him while he was Clerk.

(*Leak* v. *Covington,* decided at this term ; *Lovinier* v. *Pierce,* 70 N. C., 172 ; *Brittain* v. *Mull,* 91 N. C., 498; *Rowland* v. *Thompson,* 64 N. C., 714, cited and approved).

Appeal from the Clerk, in a proceeding instituted before him, heard by *Graves, Judge,* at July Term, 1884, of RANDOLPH Superior Court.

This is an *ex parte* proceeding, begun on the 16th of December, 1880, before the Clerk of the Superior Court of Randolph county, in the exercise of his jurisdictional functions, by James Spencer and Sallie Keerans, executor and executrix of the will of Nathan Spencer, deceased, (the same having been duly proven), and the legatees named in that will, for an account, and to settle and distribute the estate of the testator, as therein provided and directed.

In pursuance of notice to the parties interested, and in accordance with the prayer of the petition, the Clerk of the Court proceeded, on the 20th day of May, 1881, to take and state an account of the estate in the hands of the executors, and made report thereof.

Afterwards, on the 24th of March, 1882, T. W. Andrews and his wife Amy, legatees, filed exceptions to the report.

And afterwards, on the 26th day of August, 1882, the Clerk made his order overruling the exceptions and confirming the report, from which the said Andrews, his wife Amy, and others, legatees, appealed to the Judge of the Superior Court in term time. Thereupon the Clerk filed all the papers in the cause with the civil trial papers, and docketed the cause in the civil issue docket.

Thereupon the Judge in term time, made an order, of which the following is a copy :

" It appearing to the Court, that A. M. Diffee, late Probate Judge, has failed to send up with the appeal in the case, along with his report and the exceptions, the evidence and the admissions of parties; it is ordered that the said Diffee file said evidence and admissions in writing, to the next term of this Court. Ordered, that a copy of this order be made and served upon the said A. M. Diffee within ten days after the adjournment of this Court."

Thereafter the ex-Clerk made a "report," in which he gave a history of the proceeding before him, and among other things said :

" No witnesses were sworn, but the parties presented inventories of the property of the testator, accounts of sales, and the various other vouchers and papers filed in the case and included in the Court papers. These are referred to in the exhibits attached to my report, and marked " A " and " B." They were presented by the executor and executrix to the other parties, and without dispute were admitted to be true by them, and that was the evidence upon which I made my report aforesaid. The copy of the will, annexed to the petition, was treated as a true copy of the original will by all the parties, without objection, and under those circumstances, used as evidence."

Afterwards, the matter came on to be heard before the Judge in Term time. Calvin Cagle and his wife Emeline, and others, legatees, insisted that the Judge ought to proceed to hear the matter upon the exceptions specified in the papers sent up by the Clerk, but he declined to do so, and made an order, of which the following is a copy:

"This proceeding having been brought into this Court, by appeal on the part of T. W. Andrews and wife Amy, and Calvin Cagle and wife Emeline, and also upon the appeal of Silas Keerans and his wife Sarah, as appears from the judgment of the Clerk of this Court, made August 26th, 1882, and the orders thereon made by the said Clerk, A. M. Diffee; and it appearing to the Court, that no statement of the case on appeal has been filed by the Clerk in this Court; and it further appearing that the Clerk from whom said appeal was taken, has gone out of office, and that the papers filed by him at the present Term, are not legally sufficient to supply a statement of the case on appeal : It is now ordered, that this proceeding be remanded to the Clerk of this Court, to hear said proceeding *de novo*, according to law."

From this order T. W. Andrews and his wife Amy, and Calvin Cagle and his wife Emeline, appealed to this Court.

18

*Mr. M. S Robbins,* for the appellants.
No counsel *contra.*

MERRIMON, J. (after stating the facts). The counsel for the appellees insisted on the argument, that no appeal lies from the order in question. We think otherwise. It puts an end to the present proceeding, and to the appellants' right to have the benefit of so much of the account, stated and confirmed by the Clerk, as they do not except to, and their right to have their exceptions to the report reviewed, and sustained or overruled. Whenever an order or judgment puts an end to the action or proceeding, or an interlocutory order will deprive a party of a substantial right, if the alleged error shall not be corrected before the final judgment, an appeal lies therefrom to this Court. *Leak* v. *Covington,* decided at this term.

It seems that the learned Judge misapprehended the nature of this proceeding. It is not a Special Proceeding, under the Code of Civil Procedure, nor did it begin in the Superior Court. It began before the Clerk, in the exercise of his jurisdictional functions, as prescribed and conferred by the statute (The Code, §103), which provides, among other things, that the Clerk shall have jurisdiction: "To audit the accounts of executors, administrators, collectors and guardians." In such cases, the statute (The Code, §116,) further provides, that: " All issues of fact joined before the Clerk, shall be transferred to the Superior Court for trial at the next succeeding term of said Court; and appeals shall lie to the Judge of the Superior Court having jurisdiction, either in Term time or vacation, from the judgments of the Clerk of the Superior Court in all matters of law. In case of such transfer or appeal, neither party shall be required to give an undertaking for costs, and the Clerk shall *transmit* on such transfer or appeal, to the Superior Court, or to the Judge thereof, *the pleadings, or other papers,* on which the issue of fact or law arises." In such cases of appeal, the Clerk is not required to " prepare a statement of the case, of his decision and of the appeal," as he

is required to do by the statute (The Code, §254). This latter provision applies to a different class of appeals, than those from the judgment of the Clerk when he is acting as and for the Superior Court. *Lovinier* v. *Pierce*, 70 N. C., 172; *Brittain* v. *Mull*, 91 N. C., 498.

The account is settled by the order of the Clerk confirming the report thereof, except so far as it may be affected by the exceptions thereto, and the parties are entitled to have the benefit of what has been correctly done. The Judge should have proceeded to consider and sustain the exceptions, or should have overruled them, and make proper order in that respect. It was his province and duty to determine the matters of fact and law involved in the exceptions. If the evidence before him in the papers was not sufficient and satisfactory, he might have required the production of other and further appropriate evidence. He could himself have found the facts, because in the nature of the matter, only questions of fact were presented. If he should deem it necessary to do so for his better information, he might have submitted issues of fact to a jury. *Rowland* v. *Thompson*, 64 N. C., 714.

Obviously, we cannot overrule the exceptions. They have not yet been considered by the Judge of the Court below.

We advert to the order directing the ex-Clerk to "file the said evidence and admissions in writing to the next term of this Court," to say that we cannot see the propriety of it. He had no official or authoritative control over the papers, or any of them, in the proceeding. These all passed, in contemplation of law, to his successor in office, and ought to have done so in fact, and to the Clerk in office such order should be directed. If the ex-Clerk had the papers—it seems from his "report" he did not— he ought to have been required to return them to the office of the Clerk, and thence they should pass to the Superior Court.

There is error; the order appealed from must be reversed, and the Judge will proceed according to law. To that end, let this opinion be certified to the Superior Court. It is so ordered.

Error.                                                    Reversed.