L. H. CLEMENT and E. L. GAITHER, Adm'rs of J. M. Clement, v.
COLEMAN FOSTER and SAMUEL FOSTER.

*Appeal — Interlocutory Orders and Judgments.*

1. Appeals will not be entertained from interlocutory orders or judg-
ments unless they determine the action or affect some substantial
right. Exceptions to such orders or judgments should be made
on the record and reserved to be passed upon, if necessary, after
a trial upon all the issues raised, to the end that all the questions
which it is desired may be reviewed shall be adjudicated upon one
appeal.

CIVIL ACTION tried before *Gilmer, J.,* at Fall Term, 1887,
of the Superior Court of DAVIE County.

The plaintiffs alleged that on the 6th day of July, 1882,
the defendants executed to J. M. Clements a bond for the
payment of the sum of $489.50, of which the following is a
copy :

"$489.50.

One day after date we or either of us, as joint principals,
promise to pay J. M. Clement four hundred and eighty-nine
dollars and fifty cents, with interest from date at eight per
cent. per annum, interest payable annually on the 6th day
of July of each year. Witness our hands and seals, this 6th
July, 1882.

(Signed)      COLEMAN FOSTER, [SEAL.]<br>
SAMUEL FOSTER, [SEAL ]"

That subsequently J. M. Clement died intestate, and the
plaintiffs were duly appointed and qualified as his adminis-
trators, and that no part of said bond has been paid. Where-
fore plaintiffs demand judgment, &c.

The defendant Samuel Foster filed the following answer,
in substance (Coleman Foster filed no answer) :

That the statements contained in the complaint are untrue, except in so far as the same are admitted, as follows: That on or about the 6th of July, 1882, this defendant met Coleman Foster in Mocksville, who requested this defendant to sign a note to J. M. Clement as surety for him for about the sum mentioned in the note sued upon, and this defendant being the brother of Coleman Foster, and willing to do him the favor, agreed with him to sign said note as his surety, and accordingly went to the office of said J. M. Clement, and together with said Coleman signed his name to a note which defendant now supposes to be the note sued upon.

That the note was not read by defendant, nor read in his hearing, and this defendant avers that he signed the note as surety for his brother, and never heard the words "joint principal" used in connection therewith until the complaint was read over to him, and he denies that he ever contracted with plaintiff's intestate as a joint principal with said Coleman Foster, as alleged in complaint, except in so far as the same may be implied by law by defendant's said act of going with Coleman Foster and signing the note as above set forth.

That said note was given, as this defendant is informed, for and on account of money borrowed by the said Coleman Foster from the said J. M. Clement, and this defendant was never requested by Clement or any other person to assume the relation of a joint principal, but, upon the contrary, said Clement well knew at the time of said signing that there was no reason for, and in point of fact, this defendant did not knowingly assume the relation of joint principal, but signed the same as surety aforesaid.

This defendant further says, that as to him the plaintiff's action is barred by the statute of limitations, wherefore he demands judgment, &c.

Plaintiffs moved for judgment by default against Coleman Foster (who filed no answer), and also moved for judgment upon the complaint and answer against Samuel Foster upon

the ground that he could not be heard to contradict the note under seal by parol testimony, and to show that he was only surety when he signed the note as joint principal and, as plaintiffs contend, was in fact a joint principal. The motion of plaintiff was overruled, and the plaintiff excepted and appealed.

*Mr. J. B. Batchelor,* for the plaintiffs.
*Mr. J. A. Williamson,* filed a brief for the defendants

DAVIS, J., (after stating the case). The plaintiffs were entitled to judgment against Coleman Foster, and there was error in refusing it.

The motion for judgment against Samuel Foster was predicated upon the insufficiency of his answer and was in the nature of a demurrer thereto. Being refused, the plaintiffs' exception should have been noted and the action tried upon the issues raised by the complaint and answer, as it may have resulted that after the trial, no appeal would have been necessary. In this respect the appeal was premature, and, as no substantial right could have been lost to the plaintiff by the delay, upon the refusal of motion, the trial should have been proceeded with to a final judgment upon all the issues involved, and thus rendering only one appeal necessary.

Since the doubt expressed in *The Commissioners of Wake* v. *Magnin,* 78 N. C., 181, whether an appeal could be entertained by this Court under a proper construction of § 548 of *The Code,* (C. C. P., § 299,) except from a judgment which determined the action or affected some substantial right, it has been repeatedly held that appeals will not be entertained from orders or judgments disposing of fragmentary parts of the action, but that exceptions might be taken to such orders or judgments and reserved to be passed upon, if necessary, after "trial *upon all the issues* raised by the pleadings accord-

ing to the regular practice of the Court; and if the Court should have erred in its judgment or any of its rulings, *then to have brought up the whole case by appeal,* that its decisions upon questions of law, involved *and controverted, might be finally adjudicated.*" *Hines* v. *Hines,* 84 N. C., 122; *Commissioners* v. *Satchwell,* 88 N. C., 1; *Grant* v. *Reese,* 90 N. C., 3; *Arrington* v. *Arrington,* 91 N. C , 301; *Emery* v. *Hardee,* 94 N. C., 787; and many similar cases.

The appeal must be dismissed and the cause proceeded with below as if no appeal had been attempted. To that end let this be certified.

Dismissed.