### W. T. BLACKWELL v. W. B. McCAINE.

*Appeal—Final Judgment—Interlocutory Order—Exceptions.*

1. Where the jury rendered their verdict for the plaintiff, and thereupon the Court, before rendering judgment upon the verdict, made an order of reference for an account between the parties to ascertain the balance due, to which no exception was made, but defendant appealed: *Held*, that such appeal must be dismissed as premature.

2. When the Court below enters interlocutory judgments or orders, exceptions taken thereto cannot, generally, be brought up for review until after final judgment.

3. When appellant is not seriously prejudiced by delay, and not deprived of any substantial right by the rendition of an interlocutory judgment, &c., the regular and orderly method of procedure is to except and proceed to final judgment, so that the appeal may bring up the whole case at once.

This was a CIVIL ACTION, tried at March Term, 1889, of DURHAM Superior Court, before *Bynum, J.*, for the value of some horses and mules, and for feeding and caring for them.

The following are the issues submitted to the jury, and responses thereto:

1. Did the plaintiff sell and deliver to the defendant the property mentioned in the complaint? Ans. Yes.

2. Did plaintiff furnish for the defendant the feed, stabling and attention stated in the complaint? Ans. Yes.

3 Did the plaintiff deliver to the defendant the property set forth in the complaint, as his agent, to be sold by him, and to account to plaintiff for amount of sale? Ans. ____.

4. Were the plaintiff and defendant to be partners in the sum realized from the sale to be made by defendant in excess of $2,155? Ans. ____.

Evidence was introduced on both sides, and defendant excepted to some introduced by plaintiff.

After verdict defendant's counsel moved for a new trial, and assigned for cause: Error in the Court in admitting improper testimony, and for allowing counsel to proceed in this line of argument after objection.

Motion overruled. There were no exceptions to the charge.

The Court gave judgment that the cause be referred to D. C. Mangum, to ascertain and report what part of the purchase-price is unpaid and the balance of the feed and attention to stock complained for, and report to a subsequent term. No exceptions were made to this judgment.

*Mr. J. W. Graham*, for plaintiff.
*Mr. W. A. Guthrie*, for defendant.

MERRIMON, C. J.: Numerous issues raised by the pleadings were submitted to a jury and they rendered their verdict. The Court did not proceed to give judgment thereupon, or give any final judgment, but, deeming an account necessary, it made an order directing the Clerk to take and state such account. No exception was taken to this order by either party, but the defendant appealed from it to this Court.

The appellant mistakes the purpose and scope of this appeal when he supposes that it brings to this Court his exceptions taken on the trial in the Court below. It brings here for review only the interlocutory order appealed from, and, as to that, there was no exception or assignment of error. The Court gave no judgment upon the verdict, or any final judgment, and, therefore, the exceptions taken on the trial are not brought up; they can only reach this Court in the orderly course of procedure by an appeal from a final judgment. In the absence of exception to the order, if the appeal were properly taken at the present stage of the action, this Court could only affirm it.

But the appeal was prematurely taken. The order complained of was interlocutory—it did not put an end to the action, nor would the appellant be deprived of any substantial right, or be seriously prejudiced, by delaying his appeal until the final judgment. He might have excepted to the order and had his exception noted in the record, and a single appeal from the final judgment would bring up all his exceptions together. It is objected, that if this Court should sustain the exceptions in such case, the trouble and cost of taking the account would go for nought, and so it would, at the cost of the appellee. But such and like annoyances and inconveniences are part of the essential incidents that sometimes happen in the course of a litigation. They are more tolerable and less costly in time and money than to allow appeals from every interlocutory order of which a captious party might complain.

To establish the rule of procedure and practice whereby the taking accounts, and doing like and similar things, must be delayed in every action where the defendant denies and puts in issue the right of the plaintiff to recover otherwise than by some special plea in bar, would be to encourage and facilitate infinite delays, increase costs and multiply appeals indefinitely. After coming to this Court by a first appeal to settle and determine the principal right in controversy, the parties would, in a great majority of cases, go back in the action to take accounts and litigate incidental matters, and, in the course of doing so, appeal, and appeal, and appeal!! Generally, it is more orderly and logical, expeditious and cheaper, to bring the action on to its end, as nearly as may be, doing in the course of it all incidental things necessary and preparatory to the final judgment, and by one appeal bringing to this Court all the exceptions of a complaining party.

This Court has endeavored to so settle and establish the procedure and practice in actions as far as it has found it

practicable to do so consistently with statutory provisions and well-settled general principles of law. Many cases decide that an appeal does not lie at once from an interlocutory judgment or order, unless it puts an end to the action, or may destroy or impair a substantial right of the complaining party to delay his appeal until the final judgment. He must assign error, or except, and have the same noted in the record and bring the whole up by an appeal from the final judgment. We cite numerous cases here for convenient reference, and there are others not cited to the same effect. *Sutton* v. *Schonwald*, 80 N. C., 20; *State* v. *McDowell*, 84 N. C., 798; *Lutz* v. *Cline*, 89 N. C., 186; *Jones* v. *Call, id.*, 188; *Arrington* v. *Arrington*, 91 N. C., 301; *State* v. *Polk*, 91 N. C., 652; *University* v. *Bank*, 92 N. C., 651; *Hailey* v. *Gray*, 93 N. C., 195; *Hicks* v. *Gooch, id.*, 112; *West* v. *Reynolds*, 94 N. C., 333; *White* v. *Utley, id*, 511; *Knott* v. *Burwell*, 96 N. C., 272; *Spencer, ex parte*, 95 N. C., 271; *Clement* v. *Foster*, 99 N. C., 255; *Welch* v. *Kinsland*, 93 N. C., 281.

Appeal dismissed.