P. J. SINCLAIR et al. v. THE WESTERN NORTH CAROLINA RAIL-ROAD COMPANY.

*Amendment—Pleadings—Retraxit—Appeal—The Code, § 273.*

1. In an action by two tenants in common to have the value of lands required in construction of defendant's right-of-way assessed, and after the action had been pending for several years one of the plaintiffs entered a retraxit, and the Court allowed the other to amend his description of land so as to embrace his part still the subject of suit: *Held*, no error.

2. An order of amendment is not appealable.

This was a MOTION to amend pleadings, heard before *Graves, J.*, at the Spring Term, 1892, of McDOWELL Superior Court.

Defendant objected to Court allowing amendment and appealed.

*Messrs. P. J. Sinclair* and *W. H. Malone*, for plaintiff.
*Messrs. D. Schenck* and *F. H. Busbee* (by brief), and *G. F. Bason*, for defendant.

CLARK, J.: It appears that both complaint and answer had been withdrawn at previous terms and amended complaint and answer filed without exception. Those matters

are therefore not before us. Upon such amended complaint and answer (as the pleadings had stood since 1883), this was an action by two tenants in common praying the appointment of commissioners to assess and value the lands required by the defendant for the right-of-way. At Spring Term, 1892, one of the plaintiffs entered, without exception, a retraxit which specified that it was in no way to affect the rights of the other plaintiff. Thereupon the Court permitted the remaining plaintiff to amend by letting the suit stand in the name of such plaintiff alone, also by reducing the description of the land (which it seems had been divided between the two original plaintiffs) to the land claimed by the remaining plaintiff, and omitting some recitals as to prior proceedings, which the motion alleged had been inserted in the complaint by mistake, as such prior proceedings had no reference to this tract. After hearing argument, the Court allowed the amendment upon payment of costs by the plaintiff. The defendant excepted and appealed.

The amendment restricting the description of the land to that claimed by the plaintiff remaining in the action, was eminently proper after the retraxit of the other plaintiff. The entry of the retraxit was of itself an amendment as to parties, and had not been excepted to. The omission of the reference in the complaint to other proceedings at another time before the Court, could not prejudice the defendant. These amendments did not change the nature of the action, and hence were within the discretion of the trial court, and not reviewable. *The Code*, § 273, and the numerous cases cited under that section in Clark's Code.

Besides, the leave to amend, if it had been reviewable, "neither terminated the action nor deprived the appellant of any substantial right which he might lose if the order was not reviewed before final judgment. Hence he should have had his exception noted in the record, that it might be

reviewed on an appeal from the final judgment." *Clement* v. *Foster,* 99 N. C., 255; *Welch* v. *Kinsland,* 93 N. C. 281; *Hailey* v. *Gray, Ibid.,* 195; *Sneeden* v. *Harris,* 107 N. C., 311.

Appeal Dismissed.