BROWN & CO. v. R. M. NIMOCKS *et al.*

(Decided June 5, 1900.)

*Appeal, Premature—Fragmentary—Motions Pending—Right of Creditors to Litigate and Probate Inter Se.*

1. The intent and policy of the statute allowing appeals (The Code, sec. 548), are to present for review the exceptions taken and questions of law arising upon the *whole* case, and fragmentary appeals will not be entertained when no substantial right is put in jeopardy by such refusal.

2. A party can preserve his rights by having his exceptions noted in the record and bringing them forward on the final hearing.

3. Although the plaintiff's claim is admitted by the defendant debtor, yet other preferred creditors when brought in will have the right to litigate *inter se* and to prorate in case of a deficiency of assets.

CIVIL ACTION, with attachment proceedings, to vacate an assignment by R. M. Nimocks, on the ground of fraud and insufficiency of the schedule of preferred debts, tried before *Robinson, J.*, at May Term, 1899, of CUMBERLAND Superior Court. Upon a former appeal, reported in 124 N. C., 417, the schedule was sustained, and the issue of fraud was abandoned. The plaintiff's debt was not controverted, and was preferred among the second class. They moved for judgment, upon their debt and that it be declared a lien upon the property. His Honor refused the motion, dissolved the attachments and directed the other preferred creditors to be made parties along with other creditors who had obtained judgment since the date of the assignment—and it was further adjudged that an issue be submitted to a jury to ascertain what damage, if any, the defendants have sustained by reason of the attachments.

The plaintiffs excepted, and appealed.

BROWN *v.* NIMOCKS.

*Messrs. Robinson & Shaw,* for appellant.
*Messrs. H. L. Cook,* and *N. A. Sinclair,* for appellees.

FAIRCLOTH, C. J.   On May 19, 1897, the defendant Nimocks made an assignment of his property to W. S. Cook in trust for his creditors, in classes.   On May 27, 1897, the plaintiff sued out an attachment on some of said property, on the assumption that the assignment was void.   On appeal, this Court (124 N. C., 417) held that the assignment was not void, and ordered a new trial.   At May Term, 1899, the plaintiff tendered a judgment to be signed for the amount of his debt, which was not disputed, and that such judgment be declared a valid *lien* on the assigned estate, and that certain other claims in the second class were of equal dignity with that of the plaintiff.   This tendered judgment was refused, and his Honor entered judgment as follows: . That the assignment is valid, that the attachment be dissolved and set aside, and that an issue be submitted to the jury to ascertain the defendant's damages, if any, by reason of the attachment. To this judgment and the refusal of his Honor to sign the tendered judgment, the plaintiff excepted.   The Court also ordered that all the preferred creditors in the assignment and certain judgment creditors be made parties defendant, with leave to file pleadings, and that summons issue accordingly. A motion by the defendant to amend his schedule, also to amend his answer, was continued.   The plaintiff appealed from the said refusal and judgment and orders, and in this Court the defendant moves to dismiss the appeal on the ground that it is premature.

The Code, sec. 548, allows an appeal from every judicial order, upon a matter of law or legal inference, which affects a substantial right; or determines the action; or discontinues the action, or grants, or refuses a new trial.   Many decisions have been rendered on this section of The Code.

The intent and policy of the statute, as we construe it, are that an appeal to this Court should present for review the exceptions taken and questions of law arising upon the *whole* case, and that appeals presenting the exception and legal questions in piece-meals will not be entertained, when no substantial right is put in jeopardy by such refusal. Any other rule would confuse litigation and vex litigants, as well as increase costs. It would be inconvenient for each preferred creditor, in a case like this, to prosecute his appeal when other rights of the same dignity have not been tried. The plaintiff can preserve his rights by having his exceptions noted in the record, and bringing them forward on the final hearing. It is true the plaintiff's claim is admitted to be correct by the *present* defendant, but when the other preferred creditors are in, they will have the right to litigate *inter se,* and to prorate in case of a deficiency of assets. The plaintiff has no more or better lien than the others of the same class. The order and judgment of his Honor were quite proper. No final judgment has been entered, and none could be in the present condition of the case. The numerous decided cases will be found in Clark's Code, under sec. 548—notably *Hines v. Hines,* 84 N. C., 122; *Clement v. Foster,* 99 N. C., 255, and *Welch v. Kinsland,* 93 N. C., 281.

Appeal dismissed.