CHLOE PRICE GARDNER, PETITIONER, v. ALICE WALKER PRICE, BY HER GUARDIAN AD LITEM; JOHN A. PRICE AND WIFE, LILLIAN E. PRICE; HANNAH M. PRICE; HELEN PRICE POTTER; J. D. GRIMES, SR., AND WIFE, IDA W. GRIMES; JOHN A. MAYO AND WIFE, HATTIE MAYO.

(Filed 17 March, 1954.)

**Appeal and Error § 2—**

In this partition proceeding, two of defendants pleaded sole seizin under deed from the common ancestor and set up, for the purpose of attack, judgment setting aside such deed. By consent of the parties the question of the validity of the judgment was submitted to the court as a separate question of law, and appeal taken from the adjudication that the judgment was valid. *Held:* The appeal must be dismissed as premature, since the matter could be presented on appeal from a final judgment by exception to the interlocutory order. G.S. 1-277.

APPEAL by defendants John A. Price and wife, Lillian E. Price, from *Morris, J.,* at September Term, 1953, of BEAUFORT.

Special proceeding to sell lands for partition, converted into action in nature of ejectment on plea of sole seizin.

The lands described in the petition formerly belonged to Hannah S. Price, who died intestate 14 November, 1940, being survived by these five children, her only heirs at law: Chloe Price Gardner, Hannah M. Price, Helen Price Potter, Alice Walker Price, and John A. Price.

On 5 November, 1951, Chloe Price Gardner instituted this proceeding to sell the lands for partition, joining as defendants the other heirs at law and also J. D. Grimes, Sr., and John A. Mayo, the latter two being

joined under allegations that they collectively own a one-third undivided interest in the lands sought to be sold. The record discloses that after the death of Hannah S. Price four of her children made a deed to Grimes and Mayo for the one-third interest claimed by them.

John A. Price and wife, Lillian E. Price, by answer pleaded sole seizin.

On 26 November, 1951, the petitioner filed amended complaint, alleging that John A. Price and wife have been in the exclusive possession of the premises since the fall of 1944, and demanding an accounting for rents and profits and also an accounting for timber wrongfully cut and sold by them from the premises.

The defendants John A. Price and wife on 18 February, 1953, answering the amended complaint, renewed their plea of sole seizin, expressly alleging title under a deed made to them by Hannah S. Price dated 1 November, 1940, filed 15 November, 1940, and registered in the Public Registry of Beaufort County in Book 336, page 97. And by way of further defense, the defendants John A. Price and wife specially pleaded for the purpose of attack the judgment roll in an action instituted in December, 1941, by Chloe Price Gardner and others against John A. Price and wife for the purpose of setting aside the deed previously made by Hannah S. Price to John A. Price and wife, in which prior action judgment was entered in 1944 adjudging that the four plaintiffs, children of Hannah S. Price, deceased, each own a one-fifth undivided interest in the lands described in the deed. The defendants John A. Price and wife allege that the judgment purporting to render the deed nugatory is void and of no effect for the reason that, notwithstanding jury trial was not waived, it was entered by the Presiding Judge without the intervention of a jury. The defendants John A. Price and wife by way of further defense also set up the foregoing deed of Hannah S. Price as color of title and allege adverse possession thereunder for more than seven years.

At the February Term, 1953, Judge Bone, on finding that two defendants in the instant proceeding, namely: Hannah M. Price and Helen Price Potter, had not been served with process, entered an order adjudging them to be necessary parties and directing that they be served and brought in. While the record refers to the filing of an affidavit made by a newspaper publisher showing publication of notice of service upon these parties "once a week for four successive weeks, beginning as of July 29, 1953," there is no adjudication as to service and the record indicates no appearance by these parties.

On 30 June, 1953, the petitioner in the instant proceeding filed what is denominated an "amended supplemental complaint," alleging in gist: that prior to the commencement of the action to set aside the deed made by Hannah S. Price to John A. Price and wife, a portion of the lands therein described was sold and conveyed by John A. Price and wife to

one C. T. Godley for the sum of $700, all of which has been paid to John A. Price and wife, who have failed to account to the petitioner for her share thereof, and she alleges that she is now entitled to recover her proportionate share thereof from John A. Price and wife.

To this pleading, by which the petitioner Chloe Price Gardner apparently ratifies the sale to Godley, none of the other parties have responded.

In this state of the record it appears that "by agreement of counsel for all parties" (but it nowhere appears that Hannah M. Price or Helen Price Potter are represented by counsel) Judge Morris "was requested to examine the pleadings, . . . find the facts pertaining to the rendition of the judgment by Judge Nimocks at the September Term, 1944, . . . and . . . declare the law applicable to the pleadings and facts as found . . ."

Following the hearing, Judge Morris entered an order embodying his findings of fact and declarations of law which may be summarized as follows :

1. That summons in the action to set aside the deed was served on the defendants John A. Price and wife, Lillian E. Price, on 1 January, 1942, the day following the commencement of the action.

2. That copies of the duly verified complaint, containing allegations of ultimate facts sufficient to justify setting aside the deed on the ground of mental incapacity of Hannah S. Price, were served upon the defendants John A. Price and wife, Lillian E. Price, at the time summons was served on them.

3. That the defendants John A. Price and wife filed no answer or other pleading.

4. That on 9 February, 1942, the Clerk of the Superior Court of Beaufort County entered judgment by default and inquiry and directed that the cause be placed on the civil issue docket for trial.

5. That at the September Term, 1944, Judge Nimocks entered judgment, without the intervention of a jury, adjudging "that the plaintiffs (the four children of Hannah S. Price other than the defendant John A. Price) are each the owners of an undivided one-fifth interest in" the lands described in the deed.

6. "That counsel for the defendants John A. Price and wife . . . state in open court that they seek to attack the judgment . . . as being erroneous and irregular but that they do not seek to attack the . . . judgment for intrinsic fraud but contend that said judgment is void for that no issues of fact were submitted to the jury as to the sanity of the grantor Hannah S. Price at the time of her execution of the deed to John A. Price (and wife) . . . the court rules . . . as to their contention that . . ., the method for attack is not as pursued in this cause. . . . The court further holds that the defendants may not (in this proceeding) attack the judgment . . . as being irregular . . ."

7. "The court holds, . . . as a matter of law, that the judgment . . . was not void . . . for that . . . the court at the time of the rendition of said judgment had jurisdiction of the parties and of the subject-matter."

The order entered by Judge Morris adjudges that the previous judgment signed by Judge Nimocks is binding upon the parties to this proceeding. The order contains this concluding paragraph:

"The Court being further of the opinion that by the pleadings on file in this action issues of fact are raised which require the intervention of a jury, this cause is retained upon the civil issue docket of Beaufort County Superior Court to the end that proper issues may be submitted to a jury upon the pleadings and evidence offered at the trial."

The defendants John A. Price and wife, Lillian E. Price, in apt time excepted to the pertinent findings and conclusions of Judge Morris, and from the judgment based thereon appealed to this Court.

*P. H. Bell and Charles V. Bell for defendants John A. Price and wife, Lillian E. Price, appellants.*

*Grimes & Grimes, Mayo & Mayo, A. W. Bailey, and James B. McMullan for plaintiff, appellee.*

JOHNSON, J. This appeal is premature. It is from a nonappealable, interlocutory order. *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377; *Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669.

In the hearing below it was not contemplated that Judge Morris should hear and determine the entire controversy. The parties stipulated that the inquiry should be limited to a determination of the single question whether the judgment entered by Judge Nimocks in the prior action brought to set aside the deed may be collaterally attacked in this proceeding. The order entered by Judge Morris recites that the scope of inquiry was limited to this single aspect of the case.

The procedure followed here is strikingly similar to that in *Hines v. Hines,* 84 N.C. 122. In that case, as here, counsel undertook to separate a question of law from other matters in controversy, leaving them to be disposed of afterwards, and have the question of law passed on in advance by this Court. In dismissing the appeal, *Ashe, J.,* speaking for the Court, said: "The law involved is by a *'pro forma'* judgment sent to this Court, while the facts and merits of the case are retained in the court below to await the opinion of this Court upon the question of law. Such a proceeding is an innovation upon the practice of the Court, and to entertain the appeal would be establishing a bad precedent, to which this Court cannot give its sanction."

The rule announced in the *Hines case* is firmly embedded in our appellate procedure. See G.S. 1-277; *Raleigh v. Edwards, supra; Veazey v.*

*Durham, supra; Emry v. Parker,* 111 N.C. 261, 16 S.E. 236; *Hilliard v. Oram,* 106 N.C. 467, 11 S.E. 514; *Blackwell v. McCain,* 105 N.C. 460, 11 S.E. 360; *Hicks v. Gooch,* 93 N.C. 112.

In *Raleigh v. Edwards, supra, Ervin, J.,* speaking for the Court, said: "Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment. To this end, the statute defining the right of appeal prescribes, in substance, that an appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court, unless such interlocutory order deprives the appellant of a substantial right which he might lose if the order is not reviewed before final judgment. G.S. 1-277; . . ."

In *Hilliard v. Oram, supra,* it is stated: "The court refused plaintiff judgment for recovery of the land sued for, upon the issues found, and entered an interlocutory judgment. The appeal of the defendants is premature. They should have noted their exception, and after the trial is completed by a finding upon the other issue and a final judgment, an appeal will lie. The Court here will not try causes by 'piece-meal.' This has often been decided." (Authorities cited.)

Upon entry of an interlocutory order, like the one in the case at hand, every right of the parties may be protected by entering timely exceptions, and it can affect no substantial right of anyone to postpone review of all rulings below until two trial judges accomplish the usual function of one before an appeal is taken.

Conceding *obiter,* as we may, that Judge Morris' ruling below is correct, nevertheless our established rule of appellate procedure must be upheld. Therefore the appeal is dismissed and the parties are left to proceed with the unfinished cause in the court below as if uninterrupted by this attempted appeal. *Hicks v. Gooch, supra.*

Appeal dismissed.