JOHN D. BELL, ERNEST WADDELL AND GUYNELL WADDELL v. LARRY WALTER MOORE AND SHIRLEY POOLE MOORE

No. 7622SC418

(Filed 3 November 1976)

1. **Rules of Civil Procedure § 60— relieving party from costs**

G.S. 1A-1, Rule 60(b)(6) would allow the court to relieve plaintiff from the costs imposed in the final judgment for any reason "justifying relief from the operation of the judgment."

2. **Rules of Civil Procedure § 62— motion for relief from judgment — stay of judgment**

G.S. 1A-1, Rule 62(b) allows the court in its discretion to stay the execution of a judgment pending the disposition of a motion for relief from a judgment made pursuant to Rule 60(b)(6).

3. **Appeal and Error § 6— stay of judgment — order not immediately appealable**

Where the court has granted a stay pending a decision on a Rule 60(b) motion, there is no appealable order until the stay is dissolved or the motion is ruled on.

4. **Appeal and Error § 6— appeal from interlocutory order**

An appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from the final judgment.

5. **Appeal and Error § 6— stay of collection of deposition costs — no right of immediate appeal**

Where the court dismissed an action for insufficiency of service of process and plaintiff expressed an intention to reinstitute the action, the trial court's discretionary order staying the collection of costs of depositions taken by defendants until the termination of the subsequent action did not affect a substantial right of defendants and was not immediately appealable by them.

APPEAL by defendants from *Collier, Judge.* Order entered 21 February 1976, in Superior Court, IREDELL County. Heard in the Court of Appeals 23 September 1976.

In this personal injury action, summons was returned showing service on the defendants on 29 April 1975 by leaving copies of the summons with the stepmother of one defendant at her home. Neither defendant lived there. Defendants answered in due time, and included several motions to dismiss in their responsive pleading including one on the ground of insufficiency of process. On 17 July 1975 defendants took four

depositions at a cost in excess of $400.00. On 15 January 1976 defendants filed notice of hearing on their several motions. An affidavit taken on 2 June 1975 was presented which showed that neither defendant lived with Mrs. Louise Moore, the woman upon whom service had been made.

On 5 February 1976 the trial court granted the motion to dismiss for lack of jurisdiction due to insufficiency of service of process and taxed costs to plaintiffs. Upon motion by plaintiffs, the court issued a "supplemental order" on 23 February 1976. Based upon plaintiffs' intention to reinstitute their claim, the court deferred the collection of the cost of the depositions until the termination of the subsequent action.

From this order defendants appeal.

*Homesley, Jones, Gaines & Dixon by Wallace W. Dixon for plaintiff appellees.*

*Richard M. Pearman, Jr., for defendant appellants.*

CLARK, Judge.

Defendants assign as error the issuance of the supplemental order which stayed collection of costs. Among other grounds, they assert lack of notice and hearing under G.S. 1A-1, Rule 6(d) and Rule 7(b)(1).

**[1]** G.S. 1A-1, Rule 60(b)(6) would allow the court to relieve plaintiff from the costs imposed in the final judgment for any reason "justifying relief from the operation of the judgment." Although not denominated as such, we view plaintiffs' motion as one under Rule 60(b)(6) to relieve them of the costs of the depositions taken by defendants if plaintiffs prevail in the action to be reinstituted.

**[2]** G.S. 1A-1, Rule 62(b) allows the court in its discretion to stay the execution of a judgment pending the disposition of a motion for relief from a judgment made pursuant to Rule 60(b)(6). W. Shuford, N. C. Civil Practice and Procedure, § 62-4 (1975). In his order Judge Collier found that it would work a substantial hardship on the plaintiffs to require immediate payment of the cost of the depositions since the suit was to be reinstituted and the depositions would be relevant to the subsequent action.

[3]  Not every order of the superior court is immediately appealable. G.S. 1-277. *State v. Childs,* 265 N.C. 575, 144 S.E. 2d 653 (1965). Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals and to present the whole case upon appeal from a final judgment. *Harrell v. Harrell,* 253 N.C. 758, 117 S.E. 2d 728 (1961). The order staying collection of costs was an interlocutory order. Final judgment on costs would be entered at the termination of the second suit or, if plaintiffs failed to re-file, upon the expiration of the statute of limitations. Where the court has granted a stay pending a decision on a Rule 60(b) motion, there is no appealable order until the stay is dissolved or the motion ruled on. 7 J. Moore, Federal Practice, Para. 62.04 (2d Ed. Supp. 1975), citing *Paxman v. Wilkerson,* 73-1611 (4th Cir., Aug. 2, 1974).

[4, 5]  An appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from the final judgment. *Gardner v. Price,* 239 N.C. 651, 80 S.E. 2d 478 (1954); *Steele v. Hauling Co.,* 260 N.C. 486, 133 S.E. 2d 197 (1963). We find no such right or injury to justify an immediate appeal from a discretionary order staying collection of deposition costs where the moving party has clearly expressed an intention to institute an action in which the same depositions will be material and where the non-moving party incurred those costs three months after filing responsive motions and over one month after taking an affidavit which revealed insufficiency of service of process and then waited an additional six months for a hearing upon a motion to dismiss for insufficient service.

The appeal is

Dismissed.

Judges BRITT and PARKER concur.