W. W. HAILEY v. GRAY & GRAY.

*Appeal—Judgments, final and interlocutory.*

The Supreme Court will not entertain an appeal from a judgment which is not final, or from an interlocutory order or decree which does not deprive the appellant of a substantial right.

(*Lutz* v. *Cline,* 89 N. C., 186; *Jones* v. *Call, Ibid.,* 188; *Arrington* v. *Arrington,* 91 N. C., 301, cited and approved).

This is a CIVIL ACTION in the nature of Claim and Delivery, tried at Chambers, Fall Term, 1885, of MONTGOMERY Superior Court, before *Montgomery, Judge.*

On the 17th day of February, 1881, R. C. Gray and M. F. Gray executed to the plaintiff an agricultural lien and mortgage in which they conveyed the following personal property, to-wit: One bay horse, named John, and one dark colored mare, named Lucy, with the understanding that if said R. C. Gray and M. F. Gray shall well and truly pay said Wm. W. Hailey for the advances aforesaid on or before the 1st day of November next, the said lien and mortgage shall be discharged, and the said property revert to R. C. Gray and M. F. Gray, otherwise said Wm. W. Hailey shall have power to take into possession all of said crop and property, and to sell the same for cash, or so much thereof as may be necessary to pay for the advances aforesaid and all other expenses."

After the execution of the aforesaid agreement, the defendants exchanged the "dark colored mare, named Lucy," mentioned in the mortgage, for a mule, for which this action was brought; and at Fall Term, 1882, the following issue was submitted to a jury, to-wit: "Did the defendants exchange the bay mare mentioned in the alleged mortgage for the mule described in the complaint, and was the exchange made by the defendants with the consent and agreement of plaintiff, with the understanding that said mule shall be substituted in *lieu* of the said bay mare in the mortgage?" To which issue the jury responded in the affirmative, and that said mule was the property of the plaintiff subject to the question as whether said lien and mortgage had been discharged.

At the same term it was ordered by the Court, the defendant objecting thereto, that it be referred to the clerk to take an account of the advancements made by the plaintiff to the defendants under the lien and mortgage, and the payments thereon by the defendants.

Upon the coming in of the report of referee, the defendants filed numerous exceptions, a jury trial was waived, and by consent, all questions of fact raised by the exceptions, were left to the decision of his Honor, who sustained defendants' second excep-

tion, to-wit: "That the defendants are charged with $41.24, obtained before the execution of said lien," and overruling their other exceptions. The judgment of the Court was, "that the $41.24 account was made before the lien and mortgage were executed, and the same is not in law an advancement under the statute and is not secured by the lien, also the same should not be charged against the defendants under the mortgage, for the reason that the mortgage only secures advances covered by the lien as an additional security; that the plaintiff was indebted to the defendants in the sum of $23.36, after reforming the account; that the cause be retained and that an issue be submitted to a jury at next term of Court to ascertain the amount of damages to which defendants are entitled, in case the mule be not returned to defendants, and for such other damages as defendants are entitled to for any cause."

From which ruling and findings the plaintiff excepts and appeals, and assigns as errors alleged as follows:

1. That his Honor committed an error in holding that the $41.24 was not an advancement under the statute and secured by the lien.

2. In holding that the $41.24 could not be charged against the defendants under the mortgage.

3. That his Honor committed an error in sustaining defendant's second exception, viz: "That defendants are charged with $41.24 obtained before the execution of said lien."

4. In holding that plaintiff was indebted to defendants in the sum of $23.36.

5. In ordering the cause to be retained for assessment of damages sustained by defendants.

6. In ordering that all costs, including the $25.00 allowed referee, be paid by plaintiff.

*Mr. J. M. Brown*, for the plaintiff.
No counsel for the defendant.

MERRIMON, J.   The appeal in this case was prematurely taken.   The judgment appealed from was not final, nor was it such as, in any aspect of the case, would deprive the appellant of a substantial right by delaying the appeal until the final judgment shall be granted.

The Court directed an issue to be tried by the jury at the next term, preparatory to a final judgment.   The plaintiff's exceptions were taken, and will remain on record to be brought up by appeal from the final judgment, if he shall be dissatisfied therewith, when they may be heard just as well as at the present stage of the action.

It may turn out that the Court will yet correct any possible errors into which it may have fallen, so that an appeal will be obviated.

It is settled that the case cannot be tried piecemeal by successive appeals.   *Lutz* v. *Cline*, 89 N. C., 186; *Jones* v. *Call, Ibid.,* 188; *Arrington* v. *Arrington*, 91 N. C., 301.

No error.                                   Appeal dismissed.