W. S. HILLIARD, Guardian, v. F. F. ORAM et al.

*Premature Appeal—Interlocutory Judgment—Exceptions.*

1. When the Court sets aside a verdict as to one issue, and enters an interlocutory judgment as to the other, the proper course of the party injured is to note an exception and go on to the trial of the remaining issue, so that the whole appeal may be considered at once.
2. Appeal from such interlocutory judgment, and at such stage of the proceeding, is premature and will be dismissed.

This was a CIVIL ACTION, tried at the Spring Term, 1887, of JACKSON Superior Court, before *Graves, J.*

Messrs. *E. C. Smith* and *J. B. Batchelor,* for plaintiff.
Mr. *George A. Shuford,* for defendants.

CLARK, J.: The Court, on motion of defendants, set aside the verdict upon one of the issues, on the ground that it was against the weight of the evidence, and directed a new trial on that issue. The Court refused plaintiff judgment for recovery of the land sued for, upon the issues found, and entered an interlocutory judgment. The appeal of the defendants is premature. They should have noted their exception, and after the trial is completed by a finding upon the other issue and a final judgment, an appeal will lie. The Court here will not try causes by "piece-meal." This has often been decided. *University* v. *Bank,* 92 N. C., 651; *Hicks* v. *Gooch,* 93 N. C., 112; *Hailey* v. *Gray,* 93 N. C., 195; *Blackwell* v. *McCane* and *Wallace* v. *Douglas,* at this term, and cases there cited.

Appeal dismissed.