W. L. MYERS v. WILLIAM STAFFORD et al.

*Practice—Excessive Damages—Motion to Set Aside Verdict—*
*Argument of Counsel.*

1. Notwithstanding the statute (sec. 412 (4) of *The Code*) requires a motion to set aside a verdict on the ground of excessive damages assessed thereby to be heard at the same term of Court at which the trial is had, yet, by agreement of counsel, a motion made at the trial term may be heard and determined by the same Judge at a subsequent time.

2. The fact that an appeal was perfected pending a motion to set aside a verdict, the hearing of which had been postponed by consent to a subsequent term of Court, did not debar the Judge below from hearing and determining such motion at the time appointed.

This is an APPEAL from an order made at December Term, 1893, of GUILFORD Superior Court, by *Brown, J.,* setting aside verdict rendered at the previous August Term.

The motion to set aside the verdict was made by the defendants upon the ground that the damages were excessive and was based upon an agreement in writing between counsel for both parties entered upon the record of the Court at August Term, 1893. Said agreement is set out in the order made by the Court at December Term, 1893, a copy of which will be sent up by the Clerk.

The plaintiff objected to the Court considering and entertaining said motion upon the grounds:

1. That a judgment had been signed at August Term, and

2. That the cause was pending in the Supreme Court on appeal.

The Court, being of opinion that the agreement of record entered into between counsel in open court at August Term was binding and paramount; that the judgment was

inconsistent with it; that the appeal was premature, and that the cause was still pending by virtue of said agreement in the Superior Court of Guilford County for the purpose of said motion, decided to entertain and consider said motion to set aside the verdict and judgment. The plaintiff duly excepted.

After hearing and considering the motion the presiding Judge at December Term, 1893, being the same who tried the cause at August Term, 1893, being of opinion that the damages were excessive, set aside the verdict and judgment and awarded a new trial in accordance with the order filed at said December Term, 1893.

Plaintiff excepted and appealed.

The following is a copy of the agreement above referred to :

"It is consented in this cause that at December Term of Superior Court, 1893, this county, the defendant may move to set aside the finding and verdict upon second issue, as to damages, before G. H. Brown, Jr., Judge, and that at that term said Judge may or may not, in his discretion, set aside the verdict as to damages only, after hearing argument.

"Agreed to in open court September 8, 1893.

"G. H. BROWN, JR.,

"*Judge.*"

*Mr. J. A. Barringer,* for plaintiff (appellant).
*Messrs. James. E. Boyd* and *J. A. Long,* for defendants.

MACRAE, J.: While the statute, section 412 of *The Code* (4), provides that motions to set aside verdicts upon the ground of excessive damages can only be heard at the same term at which the trial is had, it has never before been seriously questioned that counsel might agree that

said motion be heard and determined at a subsequent time. This course, with regard to many matters required to be done in term, is daily taken in the practice; indeed it frequently occurs that on account of the press of business before the Court, the length of the term being limited, it is impracticable for the Judge or the counsel to give the necessary attention to motions of this kind which their importance demands. While the sections of *The Code* are equally imperative with regard to the time for perfecting appeals, as a matter of fact the time is generally regulated by agreement of counsel. In this case the judgment was rendered at August Term, 1893, and appeal noted, notice waived and bond fixed upon the record. And then was entered the agreement of counsel as set out above, that the same Judge who tried the case might hear a motion to set aside the finding and verdict upon the second issue at the next term. And at the next term his Honor, upon consideration, did set aside the verdict upon the second issue upon the ground that in his opinion the damages assessed were excessive.

It will appear by the record that after the adjournment of the August Term, and while the agreement was pending, the defendant's counsel served a case on appeal upon counsel for plaintiff, which case was accepted by said counsel, and the transcript was sent up to this Court by the Clerk. At December Term, when the motion to set aside was made and heard according to agreement of record, plaintiff objected that the case was now in the Supreme Court.

It can readily be seen that the appeal was perfected out of abundant caution, but that it was prematurely sent up to this Court, pending the motion to set aside, the time for the hearing of which motion had been extended by consent. The setting aside of the verdict was a matter of discretion. *Hicks* v. *Gooch*, 93 N. C., 112; *Hilliard* v. *Oram*, 106 N. C., 467.                                    Affirmed.