MILTON HARDING, et al. v. JOHN HART, et al.

*Interlocutory   Order—Practice—Premature   Appeal.*

Upon a reference under *The Code* the parties agreed that the referees should determine the case as arbitrators, but before the close of the evidence and before the award was made, the defendants served notice, in writing, revoking the agreement to arbitrate.  The referees, nevertheless, ignoring the notice, made their award, to which defendants excepted.  The court set aside the award and plaintiffs appealed; *Held,* that the order was only interlocutory and the appeal was premature; the plaintiffs should have excepted, and had their exceptions noted on the record, so that the whole matter might be brought up on appeal from the final judgment.

CIVIL ACTION, heard on motion to set aside an award of arbitrators before *Robinson, J.,* at December Term, 1895, of BUNCOMBE Superior Court.  His Honor granted the motion and plaintiffs appealed.

*Messrs. W. W. Jones* and *V. S. Lusk,* for plaintiffs (appellants).
*Messrs. Moore & Moore* and *Shepherd & Busbee,* for defendants.

MONTGOMERY, J. :   The agreement to submit to arbitration was made before the referees who had been appointed by the court for the purpose of stating an account between the parties.   Before the testimony had been concluded the defendants served a notice upon the arbitrators appointed by themselves—the same persons who had been appointed referees by the court—in which notice they said that they " do now and hereby revoke and annul the agreement and submission heretofore made to arbitrate the matters in dispute in this case between them and the plaintiffs, and ask .

that the matter be determined by you under the order c court as referees." The report was made to the court, and the same was set aside and the matters re-referred. An order was also made for new parties and the taking of additional testimony. The plaintiffs appealed.

The appeal is premature. The order of the court was only interlocutory. Plaintiffs should have assigned errors and exceptions, and had the same noted in the record, so that the whole might be brought up by an appeal from the final judgment. *Hailey* v. *Gray*, 93 N. C., 195 ; *Blackwell* v. *McCaine*, 105 N. C., 460 ; *Warren* v. *Stancil*, 117 N. C., 112. The appeal must be dismissed.

Dismissed.