### W. A. BENTON v. RUFFIN COLLINS.

*Interlocutory Order—Practice—Premature Appeal.*

An appeal from an order of the Court below setting aside the verdict on one of several issues and awarding a new trial thereon is premature and will be dismissed. In such case, an exception should have been noted which could have been passed upon on the appeal from the final judgment.

CIVIL ACTION for damages, tried before *Timberlake, J.,* and a jury, at April Term, 1897, of FRANKLIN Superior Court. From an order of His Honor setting aside the verdict on the issue of damages and awarding a new trial, the defendant appealed.

*Mr. Charles M. Cooke,* for plaintiff.
*Messrs. F. S. Spruill, W. B. Shaw* and *T. W. Bickett,* for defendant (appellant).

FAIRCLOTH, C. J.: A verdict was recorded on all the issues submitted. On motion of the plaintiff the court set aside the verdict on the issue of damages and awarded a new trial on that issue. The defendant excepted to this ruling and order, and appealed to this court.

The appeal is premature. He should have noted his exception and proceeded with the trial and brought the whole case to this court on final judgment. This course would not affect any substantial right. This question has been so often decided as to need only a reference to *Hilliard* v. *Oram,* 106 N. C., 467, and the numerous cases cited.

Appeal dismissed.