### C. M. BILLINGS v. THE CHARLOTTE OBSERVER.

(Filed 29 April, 1909.)

1. **Power of Court—Discretion—Questions of Law—New Trial on One Issue—Appeal and Error.**

    Unless some question of law or legal inference is involved, the granting or refusing a new trial upon all or any one of the issues rests in the discretion of the lower court, and in the exercise of this discretion his action is not subject to review on appeal. (*Jarrett v. Trunk Co.,* 144 N. C., 302, cited, distinguished and approved.)

2. **Same—Punitive Damages.**

    Where, on facts in evidence, the question of punitive damages is properly presented, the award of such damages and the amount thereof, under a proper charge, is for the jury, and can never be

directed by the court as a matter of law; but the court has the same right in its discretion to set aside a verdict on an issue involving an award of punitive damages as on any other issue.

**3. Power of Court—Discretion—New Trial on One Issue—Damages—Appeal Premature.**

When, in the proper exercise of his discretion, the trial judge has set aside an issue and verdict thereon as to the amount of damages the plaintiff has sustained in an action involving them, an appeal therefrom is premature and will be dismissed.

**4. Same—Exceptions—Procedure.**

When the trial judge sets aside an issue and finding of the jury upon the question of damages alone, awards a new trial thereon, and leaves the other issues and answers fixing the defendant's liability, the proper procedure is by exception taken, and an appeal is premature until the case has been tried thereon in the lower court.

ACTION to recover damages for alleged libel, tried before *Ward, J.,* and a jury, at June Term, 1908, of ROCKINGHAM.

There was allegation, with evidence, on the part of plaintiff tending to show the publication of a libelous article in defendant paper, charging plaintiff with improper conduct at Blackville, S. C., and at Waynesville, N. C.

Defendant company, admitting the publication of the articles in question, averred the truth of the facts contained therein, and introduced testimony tending to support its position.

On issues submitted, the jury rendered the following verdict:

1. "Did the defendant publish of and concerning the plaintiff the matters and things alleged in the complaint?" Answer: "Yes."

2. "Were the matters and things published of the plaintiff, and alleged to have occurred at and around Blackville, S. C., true?" Answer: "Yes."

3. "Were the matters and things published of the plaintiff as happening at Waynesville, N. C., true?" Answer: "No."

4. "What damages, if any, is the plaintiff entitled to recover?" Answer: "Five thousand dollars."

Upon the coming in of the verdict the defendant moved for a new trial on the last issue, on the ground that the amount was excessive, and order was thereupon made as follows:

"The court, being of opinion that the amount of damages was excessive, hereby sets aside, in its discretion, said issue of damages and awards a new trial thereon.

"WARD,
"*Judge.*"

Plaintiff moves the court to set aside the second issue, for errors, to be assigned in the case on appeal. Overruled, and exception by plaintiff. Plaintiff appeals to the Supreme Court.

*Morehead & Sapp, Justice & Broadhurst, Glidewell & Lane* and *A. D. Ivie* for plaintiff.

*Osborne, Lucas & Cocke, Burwell & Cansler* and *Scott & Reid* for defendant.

HOKE, J., after stating the case: We do not advert to the questions chiefly raised in the plaintiff's case on appeal, for the reason that, under numerous and well-considered decisions of this Court, the appeal must be dismissed as having been prematurely taken. This position is well established, and the question has usually been raised on an issue as to damages, the very case presented here. *Rogerson v. Lumber Co.,* 136 N. C., 266; *Benton v. Collins,* 121 N. C., 66; *Hilliard v. Oram,* 106 N. C., 467; *Hicks v. Gooch,* 93 N. C., 112.

In *Benton v. Collins, supra, Faircloth, C. J.,* delivering the opinion, said: "The appeal is premature. He should have noted his exception and proceeded with the trial and brought the whole case to this Court on final judgment. This course would not affect any substantial right. This question has been so often decided as to need only a reference to *Hilliard v. Oram,* 106 N. C., 467, and the numerous cases cited."

In *Hilliard v. Oram, supra, Clark, J.,* said: "The appeal of the defendants is premature. They should have noted their exceptions, and after the trial is completed, by a finding upon the other issue and a final judgment, an appeal will lie. The Court will not try causes by 'piecemeal.'"

And to like effect, *Smith, C. J.,* in *Hicks v. Gooch, supra,* referred to the question as follows: "The general principle is that when a trial is entered upon it should embrace and determine the whole subject-matter in controversy, so that a final

judgment may be entered, any errors committed in its progress being open to revision and correction in one appeal, while the Court could not tolerate a succession of appeals upon separate and fragmentary parts. The ruling has been frequently since recognized and acted on. We refer to but a few of them, the most recent: *Commissioners v. Satchwell,* 88 N. C., 1; *Lutz v. Cline,* 89 N. C., 186; *Jones v. Call, ib.,* 188; *Grant v. Reese,* 90 N. C., 3; *Arrington v. Arrington,* 91 N. C., 301. The practice thus established, upon its intrinsic merits, and to avoid useless and prolonged litigation, must be upheld."

The authorities with us are also to the effect that, unless some question of law or legal inference is involved, the granting or refusing a new trial upon all or any one of the issues rests in the sound discretion of the lower court; and where it appears that the question has been determined, in the exercise of this discretion, the action of the court thereon is not subject to review. *Abernethy v. Yount,* 138 N. C., 337; *Benton v. Collins,* 125 N. C., 94; *Carson v. Dellinger,* 90 N. C., 226; *Moore v. Edmiston,* 70 N. C., 481.

True, as stated in *Jarrett v. Trunk Co.,* 144 N. C., 302, and in *Benton v. Collins,* 125 N. C., 94, the issues in a case may be so involved, the one with the other, that the granting of a new trial on one issue and not the other might present a question of law or legal inference, but no such case is presented on an issue as to damages. That was the only question presented and decided in the *Benton case,* where *Montgomery, J.,* for the Court, said: "There are conflicting decisions on this question in the courts of several of the States, but we believe that the conclusion arrived at by the English court, in the case quoted from, is the correct conclusion, and we will adopt it as the conclusion of this Court. Holding, then, as we do, that the Superior Courts of this State have the power to set aside verdicts for inadequacy of damages, we logically conclude that such power is discretionary with them, and that it is not reviewable by us. The power to correct prejudiced and grossly unfair verdicts must be vested somewhere, and, in our judgment, it is best that such power be confined to the judges who preside over the trials. They are

presumed to be learned in the law, impartial in their judgments and upright in their conduct, and, with most rare exceptions, they have measured up to the standard of that presumption."

And while approving the caution expressed by the Court in *Jarrett's case, supra,* as to the careful use of this power in any class of cases, it is, as stated, only in those where a matter of law or legal inference is presented that the exercise of the judge's discretion can be reviewed. As said by *Bynum, J.,* in *Moore v. Edmiston, supra,* "He is clothed with this power because of his learning and integrity, and of the superior knowledge which his presence at and participation in the trial gives him over any other forum. However great and responsible this power, the law intends that the judge will exercise it to further the ends of justice; and though doubtless it is occasionally abused, it would be difficult to fix upon a safer tribunal for the exercise of this discretionary power, which must be lodged somewhere."

The position of the plaintiff, that the power to grant a new trial in the present case did not exist because the determination of the issue involved to some extent an award of punitive damages, is without merit. In numbers of cases expressions will be found to the effect "that the question and amount of punitive damages is for the jury, or always for the jury," etc., but these expressions have reference to the established principle that the court can never direct the award of punitive damages as a matter of law; but where an award of such damages is permissible on the facts, the judge shall lay down the law applicable, and it is for the jury to determine in all cases whether or not they shall be allowed, and also the amount; but it was never intended to withdraw issues of this character, and verdicts upon them, from the supervisory power of the courts. Accordingly, in one of the authorities cited and relied on by plaintiffs (*Canfield v. Railroad,* 59 Mo., 355), it was held that "The amount of punitive damages is always left with the jury, subject to be reviewed by the court, if excessive."

This power of the court to supervise verdicts to the extent indicated is one of the most commendable features of our system of trials by jury. It is on issues of the kind presented here that

its influence is chiefly desirable, and when wisely and fearlessly exercised by a just and learned judge it is one of the surest safeguards to a true and righteous deliverance.

For the reasons indicated, the appeal must be dismissed as having been prematurely taken, and it is so ordered.

Appeal Dismissed.