CHARLES S. RILEY & COMPANY v. W. T. SEARS & COMPANY.

(Filed 20 October, 1909.)

1. Receivers—Reference.

> An order issued in this case, being a creditor's bill, requiring the receiver of a corporation to pass upon the different claims of the plaintiffs, and upon certain priorities claimed by some of them, is in effect an order of reference.

2. Reference—Findings—Issues—Exceptions—Judgments—Appeal Premature.

> An appeal is premature from an order of the judge to submit to the jury issues raised by exceptions to referee's report, when the order of reference appears to have been made without objection. The practice is to proceed with the inquiry, and appeal from the final judgment or a judgment in the nature of one.

APPEAL from *W. R. Allen, J.,* May Term, 1909, of NEW HANOVER.

The court ordered that an issue be submitted to the jury to determine whether the claim of certain petitioning creditors arose by reason of work and labor done within sixty days next before proceedings of insolvency were instituted against defendant company. From this order plaintiffs excepted and appealed.

The facts are stated in the opinion.

*Herbert McClammy* for plaintiff.
*Graham Kenan* for defendant.

HOKE, J. Plaintiffs, Charles S. Riley & Co., instituted an action in the nature of a creditor's bill against W. T. Sears & Co., incorporated in this State, alleging the total insolvency of the company; that plaintiff was a creditor to a large amount, part of it secured by mortgage on the company's property or a large portion of it; that there were various other creditors, most of them in small amounts, and that the appointment of a receiver was required, etc. Thereupon, various creditors intervened by petition, some of them alleging the existence of debts for work and labor performed within sixty days before proceedings were instituted, and claiming a prior lien on defendant company's assets, under section 1206, Revisal 1905.

Plaintiffs denied the indebtedness of all or the greater part of the petitioning creditors, and denied, further, that such creditors had any prior lien, as claimed by them, and alleged the superior claim to be in plaintiff, under and by virtue of certain mortgages. A receiver was appointed, and at October Term, 1908, the judge presiding issued an order requiring the receiver to pass

upon the different claims.   As the record now appears, this seems to have been in effect an order of reference, and we find no exception noted.   The receiver made report, finding that numbers of the claims were valid and were for work and labor within the time alleged.   Thereupon, the plaintiffs filed various exceptions to the report of the receiver, raising objections to many of the claims and to the lien claimed by the holders, and at May Term, 1909, the court made an order directing that the following issue be submitted to the jury: "Were the services rendered by the petitioners, or any of them, and, if so, which ones, within sixty days next preceding the date when proceedings in insolvency were instituted against W. T. Sears & Co., incorporated?"

From this order, as stated, the plaintiff excepted and appealed.

Our decisions are to the effect that when a good plea in bar is set up in the pleadings, until such plea is in some way disposed of, an order of reference, on objection, made in apt time, is erroneous, and an immediate appeal will lie.   "If such plea in bar appears and is overruled or sustained as a matter of law by the judge, it is optional with the party to take an appeal at once or have an exception noted."   *Jones v. Wooten,* 137 N. C., pp. 421-425.   When, however, the order of reference is made without objection properly noted, or the plea in bar is disposed of by adverse verdict of the jury, then the proper practice is to proceed with the inquiry, and an appeal only lies from a final judgment or one in the nature of a final judgment.   *Jones v. Wooten, supra; Brown v. Nimocks,* 126 N. C., p. 808; *Hailey v. Gray,* 93 N. C., 195; *Driller Co. v. Worth,* 117 N. C., p. 515.

In the case at bar, so far as appears, the order of reference was made without objection.   Furthermore, the appeal has been taken from the judgment of the court directing an issue and not refusing it.   If plaintiffs have objections to the form of the issue, or because the same is inadequate and not fully determinative of the different questions presented, they may preserve their rights by exceptions properly noted; but as the record now appears, their appeal has been prematurely taken, and the same must be dismissed.   As said by *Merrimon, J.,* in *Hailey v. Gray, supra:* "The judgment appealed from is not final, nor was it such as in any aspect of the case would deprive the appellant of a substantial right by delaying the appeal until the final judgment shall be granted."

Appeal dismissed.