METRAH MAKELY v. W. C. MONTGOMERY.

(Filed 6 March, 1912.)

1. **Reference—Jury Trial—Evidence.**
    Under our statute, a jury trial after a reference, and in the absence of new matter, is properly confined, under the issues, to the evidence taken before the referee.

2. Deeds and Conveyances—Trusts and Trustees—Evidence.

> The quantum of proof required to establish a trust under the deed in this case, *Held*, sufficient under *Harding v. Long*, 103 N. C., 1, and that line of cases.

3. Partnership Debts—Expenses of Partner—Evidence.

> A conversation relied on to permit the defendant partner to charge his living expenses to the partnership as the expenses of the firm, *Held*, too vague and indefinite in this case.

APPEAL from *Cline, J.*, at December Term, 1911, of BEAU-FORT.

Civil action heard upon the report of referee and such issues submitted to the jury as follows:

Does M. Makely hold the land conveyed by the deed dated 14 May, 1897, from Calhoun Tooley to M. Makely in trust for the firm of Montgomery & Makely? Answer: No.

What amount, if any, does the defendant owe the firm of Montgomery & Makely for cash sales of oysters from 1893 to 1909? Answer: $1,500.

From the judgment rendered, the defendant appealed to the Supreme Court.

*Small, MacLean & McMullan for plaintiff.*
*Rodman & Rodman, E. F. Aydlette for defendant.*

PER CURIAM. This is an action brought for the settlement of a copartnership. A compulsory reference is had, exceptions filed to the report of the referee, and the cause tried on issues submitted to the jury.

1. The defendant excepts because his Honor confined the trial upon the issues to the evidence taken before the referee. This was in accordance with the act of 1897, ch. 237. So far as the record discloses, there are no additional matters entering into the controversy upon the amendment to the pleadings, and we think the case falls within the principle laid down in *Moore v. Westbrook*, 156 N. C., 482.

2. As to the quantum of proof required to establish a trust under the first issue, we think the charge of his Honor was substantially correct, and practically followed the principle laid down in *Ely v. Early*, 94 N. C., 1, and *Harding v. Long*, 103 N. C., 1, and many subsequent decisions of this Court.

3. One of the claims of the defendant in the settlement of the copartnership account was that under the 'terms of the copartnership he was entitled to be credited with his living expenses as a part of the current expenses of the firm. This claim was allowed him by the referee, but the defendant excepts to this finding with reference to the amount allowed, and demanded a jury trial as to this.

We agree with his Honor that there was no sufficient evidence that the defendant was entitled to have credited to him his living and family expenses as a part of the expenditures of the firm. The language employed in the conversation between plaintiff and defendant in respect to this matter is entirely too indefinite and uncertain to warrant any such conclusion.

We have examined the several assignments of error and the record, and are of opinion that the judgment should be

Affirmed.