R. L. CHESSON v. KIECKHEFER CONTAINER COMPANY, a Corporation, and NORTH CAROLINA PULP COMPANY, a Corporation.

(Filed 22 September, 1943.)

**1. Evidence § 29: Trial § 14—**

In a trial before a referee, where by written stipulation counsel on both sides agreed, in lieu of offering oral evidence, that the stenographer's transcript of the sworn testimony of the witnesses at a previous trial of the case in the Superior Court, together with exhibits, should constitute the evidence before the court, there was no error, when this evidence was subsequently offered before a jury, for the court to .decline to rule on the objections interposed when the evidence was originally offered, it appearing from the record that the only objections originally interposed were to testimony which was competent.

**2. Constitutional Law § 17: Reference § 8: Trial § 52—**

While the ancient mode of trial by jury has been preserved in our present Constitution, Art. I, sec. 19, the right in civil cases may be waived (Art. IV, sec. 13), and in reference cases the failure to except to the findings of the referee or properly to preserve the right to jury trial has been uniformly held to constitute a waiver.

**3. Constitutional Law § 17: Reference § 13—**

In reference cases the trial by jury is restricted by the statute (C. S., 573) to the written evidence taken before the referee, which sufficiently complies with the constitutional mandate, if the testimony is taken under oath in the manner prescribed by law, with opportunity to cross-examine.

APPEAL by plaintiff and defendants from *Bone, J.,* at April Term, 1943, of CHOWAN.

This was an action to recover damages for the alleged breach of contract for the cutting and delivery of pulp wood. The case was here at Spring Term, 1939, reported in 215 N. C., 112, 1 S. E. (2d), 337, and again at Fall Term, 1939, reported in 216 N. C., 337, 4 S. E. (2d), 886, where the pertinent facts are set out. On the last appeal error was found and the case sent back for a new trial. Thereafter, at January Special Term, 1941, of Chowan Superior Court, Judge Grady, then presiding, ordered a compulsory reference, to which order both plaintiff and defendants excepted. The referee, from the evidence presented, found that no contract had been entered into between plaintiff and defendants, or either of them, and that defendants were not liable. Upon exceptions to the referee's report, filed by the plaintiff, issues were submitted to the jury at April Term, 1943, resulting in verdict for plaintiff and an award of $690.79 damages.

From judgment on the verdict, plaintiff and defendants appealed.

*J. H. Hall and J. Henry LeRoy for plaintiff.*
*Z. V. Norman and W. D. Pruden for defendants.*

## DEFENDANTS' APPEAL.

DEVIN, J. Both plaintiff and defendants excepted to the order of compulsory reference entered by Judge Grady, but the decision of the referee being in favor of the defendants, they filed no exceptions to the report. However, the plaintiff did file exceptions to the referee's findings and conclusions, demanded jury trial and tendered appropriate issues. The defendants moved that the report of the referee be confirmed. This was denied, and the issues which were raised by the pleadings and pointed by the plaintiff's exceptions to the referee's findings, were submitted to the jury upon the evidence which had been considered by the referee, and verdict was returned in favor of the plaintiff. Defendants' motion to confirm the referee's report, on the ground that plaintiff had not preserved his right to trial by jury, was properly denied.

Defendants assign error in the ruling of the court in the trial below with respect to their right to have their objections to certain testimony considered. The question arose out of these facts. It had been agreed, by written stipulation, by counsel for the parties in the hearing before the referee that in lieu of offering oral evidence the stenographer's transcript of the sworn testimony of the witnesses offered in a previous trial of the case in the Superior Court, together with the exhibits, should constitute the evidence before the referee. When this evidence, which had been presented to and considered by the referee under the stipulation, was offered before the jury in the present trial in the Superior Court, it

was ruled that under the terms of the stipulation all this evidence was in without objection, and the court declined to rule on the objections which had been interposed when the testimony was originally offered. Whether the court was correct in its interpretation of the effect of the stipulation need not be decided since upon examination of the record we find that the only objections there appearing were to testimony which was competent for the purpose of corroboration, and the jury was so instructed. Hence defendants' assignment of error based on this ground cannot be upheld. It was not contended that defendants could be heard to offer new objections.

The defendants in their argument and brief question the constitutionality of the statute authorizing compulsory reference as being an infringement upon the right of trial by jury. Right to trial by jury is a basic and fundamental feature of our system of jurisprudence. *Jacob v. City of New York,* 315 U. S., 752. In North Carolina this right has been regarded from the earliest times as one of the safeguards of the liberties of the people and as one of the essentials to the due administration of justice. It was provided in our first Constitution, in 1776, that "In all controversies at law respecting property the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable." Denial of this right by legislative act was held unconstitutional in *Bayard v. Singleton,* 1 N. C., 5, in 1787. The identical language of the original provision has been preserved in sec. 19, Art. I, of the present Constitution. But the right to trial by jury in civil cases may be waived (Art. IV, sec. 13, Const. of N. C.), and in reference cases the failure to except to the findings of the referee or properly to preserve the right to jury trial has been uniformly held to constitute a waiver. *Brown v. Clement Co.,* 217 N. C., 47, 6 S. E. (2d), 842; *Gurganus v. McLawhorn,* 212 N. C., 397, 193 S. E., 844; *Booker v. Highlands,* 198 N. C., 282, 146 S. E., 68; *Lumber Co. v. Pemberton,* 188 N. C., 532, 125 S. E., 119. In the instant case the defendants filed no exception to the referee's report and waived their right to ask for jury trial. However, the plaintiff preserved this right and a jury trial was had. It is true the trial by jury in such case is restricted by the statute (C. S., 573) to the written evidence taken before the referee (*Makely v. Montgomery,* 158 N. C., 589, 73 S. E., 999), but the competency, in proper cases, of written depositions for the production of proof in civil actions is unquestioned. C. S., 1809. In such cases, it sufficiently complies with the constitutional mandate if the testimony was taken under oath in the manner prescribed by law, with opportunity to cross-examine. The right accorded the defendant in a criminal prosecution to confront the witnesses against him does not apply to civil actions. Art. I, sec. 11, Const. N. C.

Whether the reference was within the purview of C. S., 573, is not presented as the defendants did not move to strike out the reference, but on the contrary moved to confirm the report and excepted to the court's denial of their motion. *Reynolds v. Morton,* 205 N. C., 491, 171 S. E., 781; *Brown v. Clement,* 217 N. C., 47, 6 S. E. (2d), 842. That the plaintiff's evidence was sufficient to withstand a motion for nonsuit was decided in a former appeal. *Chesson v. Container Co.,* 215 N. C., 112 (114), 1 S. E. (2d), 357.

We conclude that there was no error in the trial below which would warrant another trial of this case.

### PLAINTIFF'S APPEAL.

The only exceptions brought forward by the plaintiff in his assignments of error relate to the judge's charge to the jury on the issue of damages. From an examination of the charge on this phase of the case, we are left with the impression that the instructions to the jury were free from error, and that the plaintiff has no just ground of complaint.

On defendants' appeal: No error.

On plaintiff's appeal: No error.